UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 5:26-cv-02840-CAS-SP | Date | June 4, 2026 |
|---|---|---|---|
| Title | Ruslan Adamov v. DHS OPLA | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:            Attorneys Present for Defendants:

Not Present                                    Not Present

**Proceedings:**    (IN CHAMBERS) – EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS AND MOTION FOR TEMPORARY RESTRAINING ORDER (Dkt. 2, filed May 21, 2026)

On May 21, 2026, Ruslan Adamov ("Petitioner" or "Adamov"), pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 against the U.S. Department of Homeland Security ("DHS") and the DHS Office of the Principal Legal Advisor (OPLA) (collectively, "Respondents"). Dkt. 1 ("Pet."). Petitioner asserts that his detention is unlawful and requests that the Court order his immediate release from immigration detention. Id. at 7.

On the same day, Petitioner filed the instant *ex parte* motion for a temporary restraining order. Dkt. 2 ("Mot."). Petitioner's motion for a temporary restraining order requests that the Court order that Respondents immediately release Petitioner from custody. Id. at 2.

On June 2, 2026, Respondents filed an answer to the Petition. Dkt. 8 ("Ans.").

In his instant *ex parte* motion, Petitioner alleges that he entered the United States on March 3, 2022, at the Otay Mesa port of entry in Southern California, where he was detained. Mot. at 1. On March 30, 2022, Petitioner was released on conditional parole under 8 U.S.C. §1182(d)(5). Id. On July 18, 2025, Petitioner was re-detained by DHS and subsequently transported to Adelanto, where he has remained in custody ever since. Id. at 2. Petitioner was provided with three individualized bond hearings on October 27, 2025 and February 13, 2026. Dkts. 8-1, 8-2. At Petitioner's first bond hearing, the immigration judge denied Petitioner's release for lack of jurisdiction. Dkt. 8-1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 5:26-cv-02840-CAS-SP | Date | June 4, 2026 |
|---|---|---|---|
| Title | Ruslan Adamov v. DHS OPLA | | |

Subsequently, the same immigration judge presided over Petitioner's February 13, 2026 Rodriguez bond hearing and denied Petitioner's release, finding that he was a flight risk. Dkt. 8-2.

Petitioner has previously filed a petition for a writ of habeas corpus, arguing that his re-detention on July 18, 2025 without notice or a pre-deprivation hearing violated constitutional due process, and arguing that his February 13, 2026 Rodriguez bond hearing also violated due process. Ruslan Adamov v. Ernesto Santacruz, Jr. et al, 2:26-cv-00120-CAS-SP, Dkts. 1, 5. On April 23, 2026, United States Magistrate Judge Sheri Pym issued a report and recommendation regarding Adamov's prior First Amended Petition, id., Dkt. 5, finding that while "[P]etitioner has suffered a due process violation because his parole was improperly revoked without a predeprivation hearing," "the court does not recommend outright release from immigration custody as the proper remedy in this case" because "[Petitioner] was given a post-detention Rodriguez bond hearing before an Immigration Judge who determined he was a risk of flight." Id., Dkt. 12 at 10. On May 12, 2026, this Court accepted Judge Pym's recommendations and ordered that "[R]espondents shall provide petitioner with a new bond hearing at which petitioner's counsel is afforded an opportunity to be heard prior to any ruling on whether petitioner is entitled to release on bond, and at which respondents have the burden to prove, by clear and convincing evidence before a neutral decisionmaker, that petitioner presents a flight risk or danger to the community." Id., Dkt. 16.

On May 19, 2026, Respondents filed a status report confirming that Petitioner had received a Rodriguez bond hearing on May 19, 2026, in compliance with the Court's May 12, 2026 Order. Id., Dkt. 19. Following that bond hearing, the immigration judge denied Petitioner's release, finding that the government had met its burden by clear and convincing evidence that Petitioner was a flight risk, such that release was not appropriate. Id., Dkt. 19-2.[1]

---

[1] The Immigration Judge reasoned that:

Based on [Petitioner's] recent entry, his lack of ownership of property in the United States, his limited ties, his use of different names and his failure to divulge this to Immigration officials upon entry and upon the Court's inquiry, his decision to enter the United States without inspection on a motorcycle near a border entry point, pending criminal case in Russia, and incredible statements, the court has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**              **'O'**

| Case No. | 5:26-cv-02840-CAS-SP | Date | June 4, 2026 |
|---|---|---|---|
| Title | Ruslan Adamov v. DHS OPLA | | |

In his instant petition and *ex parte* motion, Petitioner argues that his continued detention violates constitutional due process and requests the Court to order his immediate release.  Dkt. 2.  For reasons described in Judge Pym's April 23, 2026 report and recommendation, Petitioner's detention on July 18, 2025 violated due process. However, for reasons discussed in Judge Pym's April 23, 2026 report and recommendation, the Court finds that the appropriate remedy in this case is for Petitioner to receive a constitutionally adequate Rodriguez bond hearing.  Petitioner received such bond hearing on May 19, 2026.  Ruslan Adamov v. Ernesto Santacruz, Jr. et al, 2:26-cv-00120-CAS-SP, Dkt. 19-2.

Accordingly, to the extent the instant petition and *ex parte* motion seek relief in the form of immediate release from detention, Petitioner is not likely to succeed on this claim for relief.  Because Petitioner is not likely to succeed on the merits of his claim for relief, the instant *ex parte* motion must be denied, and the Court need not discuss the remaining Winter factors that govern a temporary restraining order.

Accordingly, Petitioner's instant *ex parte* motion for a temporary restraining order is **DENIED**.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

little confidence that [Petitioner] will appear for a future immigration proceeding or if called for removal.
Dkt. 19-2 at 4.